Sean W. Scoggin, WSB #6-3263
Williams, Porter, Day & Neville, P.C.
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003
(307) 637-5575
sscoggin@wpdn.net
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | | |
|---|---|---|
| **ROGER BRAUBURGER,** | ) | |
| | ) | **Case No: 26-CV-268** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UNION PACIFIC RAILROAD COMPANY,** | ) | |
| **A Delaware corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Roger Brauburger, by and through his undersigned Counsel, as and for his Complaint against Defendant, Union Pacific Railroad Company, states and alleges as follows:

### IDENTIFICATION OF THE PARTIES

1. That at all times material herein, Plaintiff Roger Brauburger was employed by and working for Defendant Union Pacific Railroad Company.

2. That at all times material herein, Plaintiff was a resident of Green River, Wyoming.

3. That at all times material herein, Defendant Union Pacific Railroad Company was and is a corporation duly organized and existing under the laws of the State of Delaware and is engaged as a common carrier of freight for hire in interstate commerce and was operating an interstate system of railroads in and through the several states, including the state of Wyoming.

**STATEMENT OF JURISDICTION AND VENUE**

4. That the Court has jurisdiction over Defendant Union Pacific Railroad Company pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§51-60, and that this action is timely commenced within the meaning of 45 U.S.C. § 56.

5. That Plaintiff brings this action under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. §51 *et seq.*

6. Plaintiff additionally brings this action under 49 USC 20109, the Federal Rail Safety Act (FRSA). 49 USC 20109(d)(3) provides for federal court jurisdiction over FRSA claims where plaintiff has timely filed a complaint with the Secretary of Labor, the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint, and the delay is not due to the plaintiff's bad faith.

**COUNT I**

7. That at all times material herein, Plaintiff Roger Brauburger was in the employ of Defendant Union Pacific Railroad Company, and that at the time of the occurrence of the incident described herein, Mr. Brauburger was performing his assigned duties as an employee in the method and manner required by Defendant Union Pacific Railroad Company.

8. That on October 22,2024, Plaintiff Roger Brauburger was working when he was injured due to defective ballast conditions and unsafe work practices, and the Defendant was in violation of the Federal Employers Liability Act (FELA), Federal Regulations, and safety rules and standards that resulted in Plaintiff's injuries.

9. As a result of Defendant's negligence and violations of safety regulations and standards, Plaintiff suffered serious personal injuries to his left shoulder.

10. That the injuries Plaintiff suffered, and the resulting damages were caused, in whole or in part, by the negligence of the Defendant, by and through its agents and employees, in violation of the FELA, and other safety statutes and regulations enacted pursuant thereto.

11. As a result, in whole or in part, of Defendant's negligence and violations, and that of its agents and employees, Plaintiff has suffered in the past and will continue in the future to suffer pain, suffering and loss of enjoyment of life.

12. As a result, in whole or in part, of Defendant's negligence and violations, and that of its agents and employees, Plaintiff has lost wages in the past and will suffer loss of earning capacity in the future.

13. As a result, in whole or in part, of Defendant's negligence and violations, and that of its agents and employees, Plaintiff has spent and will continue to spend monies for medical and related care.

## COUNT II.

14. Plaintiff realleges each and every allegation in Count I above.

15. Plaintiff reported to Union Pacific managers that he sustained work-related injuries, a protected activity pursuant to 49 USC 20109(a)(4).

16. On November 1, 2024, Defendant served a document captioned NOTICE OF INVESTIGATION on Plaintiff, summoning him to a hearing set for November 7, 2024 alleging that his conduct was a possible violation of Rules and was dishonest about reporting his on-duty injury.

17. The hearing was held on February 5, 2025 and Plaintiff was subsequently terminated on February 13, 2025.

18. The OSHA Complaint was timely filed on February 26, 2025, well within the 180-day filing deadline.

19. Plaintiff engaged in FRSA-protected activity in reporting a work-related injury, the same day the injury occurred.

20. Defendant knew Plaintiff engaged in protected activity.

21. Defendant discharged Plaintiff for reporting a work-related injury.

22. Plaintiff's protected activity was a contributing factor in Defendant's decision to terminate Plaintiff.

23. As a result of Defendant's violation of 49 USC 20109, Plaintiff suffered serious economic and non-economic damages, including but not limited to pain, suffering, emotional distress, loss of earnings, loss of earning capacity, incurred attorneys fees and other damages and relief, all recoverable under anti-retaliation law.

24. Defendant's conduct in this matter was outrageous and intentional, justifying the imposition of punitive damages.

25. Plaintiff timely filed a complaint with OSHA, 210 days have passed since the filing of the complaint, and Plaintiff has provided proper notice to OSHA of his intention to file this case in Federal Court.

**WHEREFORE**, Plaintiff asks this Court to enter judgment in his favor and against Defendant Union Pacific Railroad Company in an amount sufficient to fully compensate him for damages and injuries pursuant to the FELA, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000), and for all further relief allowed according to 49 USC 20109, including expungement of his employment record, for back pay and front pay, for attorney's fees,

for punitive damages, for mental and emotional stress, together with his costs and disbursements herein and whatever other and further relief the Court deems just and proper under the laws.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

**DATED** this 21st day of September, 2026.

*/s/ Sean W. Scoggin*
Sean W. Scoggin, WSB #6-3263
Williams, Porter, Day & Neville, P.C.
702 Randall Avenue
P.O. Box 748
Cheyenne, WY 82003
(307) 637-5575
sscoggin@wpdn.net
*Attorney for Plaintiff*